UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE D. EGGERT,<br><br>  Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>  Defendant. | Case No.: 19cv1024-LL<br><br>**ORDER SUA SPONTE SUBSTITUTING DEFENDANT AND GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 7]** |

On May 31, 2019, Plaintiff submitted a Complaint for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). ECF No. 1. On the same date, Plaintiff submitted a Motion to Proceed In Forma Pauperis ("IFP"). ECF No. 2. On June 28, 2019, the Court denied Plaintiff's IFP Motion. ECF No. 5. On July 30, 2019, Plaintiff filed the instant Motion for Reconsideration of the Court's Order. ECF No. 7.

As an initial matter, pursuant to Federal Rule of Civil Procedure 25(d), the Court *sua sponte* orders that Andrew Saul, the current Commissioner of the Social Security Administration, be substituted in for Nancy Berryhill, the former acting Commissioner of the Social Security Administration as the Defendant in this suit.

Addressing Plaintiff's Motion, the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). See Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989); In re Arrowhead Estates Development Co., 42 F.3d 1306, 1311 (9th Cir. 1994). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. Fed. R. Civ. P. 60(b).

In her Motion, Plaintiff argues the Court lacked a complete picture of her financial situation. See EFC No. 7. Specifically, Plaintiff argues that her net monthly income (as opposed to her gross monthly income) is only $5025 as compared with her average monthly expenses which exceed $6000. Id. at 2. In addition, Plaintiff states that at the time her motion was filed, she possessed only $120 in cash and $2959.00 in an American Express prepaid card to pay her monthly expenses in June which totaled over $6000. Id. Consequently, Plaintiff states she had to borrow $2900 to cover her remaining expenses in June. Id. Plaintiff states she also borrowed money in July because she had "extra expenses of five new pharmacy prescriptions, car registration, driver's license registration, and D.C. inactive fees." Id.

As the Court explained in its original order, "District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." Local Rule 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id. Local Rule 7.1(i)(2), however, only permits motions for reconsideration within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

2

expenses." McNichols v. Comm'r of the SSA, No. 3:17-cv-00081-GPC-MDD, 2017 U.S. Dist. LEXIS 9198, at *2 (S.D. Cal. Jan. 23, 2017)."). A party "need not be absolutely destitute to obtain benefits of the in forma pauperis statute." Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960). "But 'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar.'" Anderson v. California, No. 10-cv-2216-MMA-AJB, 2010 U.S. Dist. LEXIS 128396, at *3 (S.D. Cal. Dec. 6, 2010) (internal citation omitted).

Although Plaintiff is currently unemployed, she receives retirement and disability benefits totaling $6372 a month. While Plaintiff reports her net monthly income after deductions is $5025 and she has over $6000 in monthly expenses, Plaintiff provides no evidence her monthly income is completely consumed by the necessaries of life. Further, Plaintiff states she had to borrow money in June and July, but does not provide: (1) the specific total amount she had to borrow; (2) what amount she still owes (if any); and (3) what additional monthly expenses she now possesses.

Based on facts before the Court, while Plaintiff is by no means wealthy and this presents a close case, the Court cannot conclude that paying a $400 filing fee would impair Plaintiff's ability to obtain the necessities of life. This is especially true given Plaintiff's representation that she would be able to pay the filing fee given additional time.

In light of the foregoing, Plaintiff's Motion for Reconsideration is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion is **DENIED** as it pertains to Plaintiff's IFP request. The Court **GRANTS** Plaintiff's alternative request for an additional ninety days to arrange for the payment of her filing fees. Plaintiff is **GRANTED** ninety days from the date of this Order in which to re-open her case by paying the entire $400 statutory and administrative filing fee. If Plaintiff fails to pay the $400 filing fee in full, this action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a) without further Order of the Court.

**IT IS SO ORDERED.**

Dated: August 7, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge