UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE D. EGGERT,<br><br>            Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>            Defendant. | Case No.: 19cv1024-LL<br><br>**ORDER EXTENDING TIME FOR SERVICE** |

Currently before the Court is Plaintiff's Response to the Court's Order to Show Cause as to why the instant case should not be dismissed for failure to prosecute [ECF No. 11]. ECF No. 14. Having considered Plaintiff's Response, the Court declines to dismiss the case for failure to prosecute and extends the time for Plaintiff to effectuate service.

**RELEVANT BACKGROUND**

On May 31, 2019, Plaintiff, proceeding *pro se*, initiated this action. ECF No. 1. On June 28, 2019, the Court denied Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") and dismissed Plaintiff's case without prejudice. ECF No. 5. On August 7, 2019, the Court granted-in-part and denied-in-part Plaintiff's Motion for Reconsideration of the Court's IFP decision. ECF No. 8. The Court again denied Plaintiff's request for IFP status, but granted Plaintiff's alternative request for an additional ninety days to arrange

for the payment of her filing fees. Id. at 3. On November 5, 2019, Plaintiff paid the filing fees for this action and the case was re-opened. ECF No. 9. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had ninety days to serve Defendant. See Fed. R. Civ. P. 4(m).

On February 27, 2020, after Plaintiff failed to file a proof of service, the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. ECF No. 11. On March 23, 2020, based on Plaintiff's representations to the Court of her respiratory issues and the public health concerns resulting from the COVID-19 pandemic, the Court extended the deadline for Plaintiff to file a response to April 27, 2020. On April 23, 2020, Plaintiff submitted a Response to the Court's Order to Show Cause. ECF No. 14.

In her Response, Plaintiff states she "mistakenly believed" she had 120 days rather than 90 days to effectuate service on Defendant. Id. at 2. Independently of this mistake, Plaintiff also states she was "extremely ill" from November 2019 to March 2020, to the point where it was "difficult to complete even basic tasks." Id.[1] Plaintiff further notes she experienced several "physical illnesses" during this time period including "being hospitalized with pneumonia." Id.

**ANALYSIS**

For any civil case commenced prior to December 1, 2015, Federal Rule of Civil Procedure 4(m) provided a plaintiff with 120 days to effectuate service. For any civil case commenced afterwards, Rule 4(m) provides a 90-day time limit.

Specifically, under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

---

[1] Plaintiff attaches an e-mail from a treating physician, Dr. Reiner, as support. ECF No. 14 at 5.

2

19cv1024-LL

> But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Under Ninth Circuit precedent, Rule 4(m) provides "two avenues of relief." Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). "The first is mandatory: the district court must extend time for service upon a showing of good cause." Id. (citation omitted). "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." Id. (citation omitted).

In this case, Plaintiff acknowledges that she did not timely serve Defendant, but contends that the delay was due to: (1) her confusion regarding the amount of time she had to effectuate service; and (2) her medical conditions. ECF No. 14 at 2.

As an initial matter, although the Court is cognizant of Plaintiff's *pro se* status, Plaintiff's confusion regarding the requirements for service under Rule 4(m) does not, by itself, excuse a lack of timely service. Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992) ("[I]nadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service."); Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("*[P]ro se* litigants are bound by the rules of procedure."); Velazquez v. DEA Headquarters Unit (Saro), No. 11-CV-820 JLS (NLS), 2012 U.S. Dist. LEXIS 71918, at *5 (S.D. Cal. May 22, 2012) ("[A] plaintiff's *pro se* status does not in itself constitute good cause to excuse defective service.").

Setting this aside, the Court finds Plaintiff's assertions that she was "extremely ill" to the point of finding it "difficult to complete even basic tasks" and experienced several "physical illnesses" including "being hospitalized with pneumonia" do constitute sufficient good cause to extend the time of service by thirty days. See Enwere v. Am. Nat'l, No. C 13-01160 LB, 2013 U.S. Dist. LEXIS 54064, at *4 (N.D. Cal. Apr. 16, 2013) (finding *pro se* litigant's enrollment in residential drug treatment program was a "serious medical complication" constituting good cause under Rule 4(m)).

For these reasons, the Court **EXTENDS** the deadline for Plaintiff to effectuate service under Rule 4(m). Plaintiff is **ORDERED** to submit proof of service under Rule 4(l) by **May 29, 2020**.

Plaintiff is hereby cautioned that no additional extensions of time pursuant to Rule 4(m) will be granted without exceptional good cause. Although this Court has broad discretion to extend time for service under Rule 4(m), "no court has ruled that the discretion is limitless." Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).

**IT IS SO ORDERED.**

Dated: April 30, 2020

Honorable Linda Lopez
United States Magistrate Judge